FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 APR 10 PM 3: 28

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

KAREN LEONARD
    Plaintiff,

CASE NO.: 3:17-cv-418-J-34JRK

vs.

HUNTER WARFIELD, INC.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, KAREN LEONARD [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendant, HUNTER WARFIELD, INC. [hereinafter Defendant], and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in that the Defendant does business in Duval County, Florida, the Plaintiff resides in Duval County, Florida and the violations occurred in Duval County, Florida.

1

## PARTIES

4. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and Florida Statute § 59.55(8).

5. Defendant is a collection agency operating from an address of 4620 Woodland Corporate Blvd., Tampa Florida 33614 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) and Florida Statute § 59.55(7).

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff allegedly incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5) and §559.55(6), Fla. Stat., specifically a debt from an apartment complex, Hunter's Ridge at Deerwood owned by Mid America Apartments of Duval, L.P.

7. That debt was later transferred or assigned to the Defendant for the purpose of collection.

8. On February 6, 2017, Defendant contacted Plaintiff by telephone to collect a debt.

9. During the February 6, 2017 collection call, Defendant repeatedly threatened that legal action would be taken against Plaintiff and the file would be assigned to an attorney. In addition, Defendant referenced "court legal fee and attorney fees once the judgment is obtained."

10. As of the date of this Complaint, no legal action has been taken against Plaintiff.

11. A review of the filings at the Duval County Courthouse for the past two years, prove that the threat of imminent legal action was false as the creditor never files lawsuits (other than evictions) against former tenants on debts under $1,500.00.

12. Upon information and belief, the Defendant has a practice and policy of not filing

2

lawsuits for amounts less than $1,500.00.

13. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." Jeter, 760 F.2d at 1172-73 (internal citations omitted).

14. Defendant's collection methods are abusive, deceptive, and unfair since Defendant threatened to take legal action that it had no intention of taking.

15. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

16. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference paragraphs 6 through 16 of this Complaint as though fully stated herein.

17. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. The foregoing acts and omissions of Defendant by falsely threatening imminent legal action constitute numerous and multiple violations of the FDCPA including, but not limited to,

   a. 15 U.S.C § 1692d, (A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.); and

   b. 15 U.S.C § 1692e(5) "The threat to take any action that cannot legally be taken or that is not intended to be taken."

19. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference paragraphs 6-16 of this Complaint as though fully stated herein.

20. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

21. By falsely threatening imminent legal action with no intent to follow through, Defendant has violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" Plaintiff.

22. As a direct and proximate result of Defendant's action, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to her reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

23. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 4th day of April, 2017.

MAX STORY, P.A.

_____
MAX STORY, ESQ.
Florida Bar No. 527238
328 2nd Avenue North, Suite 100

Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff